UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-377-GWU

ERICA RICE,                                                                              PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

Erica Rice brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

08-377  Erica Rice

        Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984); <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

    One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

08-377 Erica Rice

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

08-377   Erica Rice

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to

make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition,

08-377  Erica Rice

a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Rice, a 23-year-old former cashier and assembler with a high school education, suffered from impairments related to paranoid-type schizophrenia and morbid obesity.  (Tr. 14). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 15, 18).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Dixon included an ability to perform work at all exertional levels, restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) a need to avoid exposure to hazardous machinery and unprotected heights; (3) an inability to perform jobs requiring driving; (4) a restriction to work

requiring only simple one-two step instructions in low stress environments; and (5) a "limited but satisfactory" ability to interact with co-workers and supervisors and deal with work pressures. (Tr. 1154). In response, Dixon identified a significant number of jobs in the national economy which could still be performed including housekeeper (400,000 national jobs) and laundry worker (41,000 national jobs). (Id.). The ALJ then inquired as to the affect of having "no useful" ability to relate to co-workers, and a "severely limited but not precluded" ability to deal with supervisors and handle job stresses. (Id.). The expert testified that such further restrictions would not preclude the previously cited job numbers. (Id.). Therefore, assuming that the vocational factors considered by Dixon fairly characterized Rice's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Rice's physical condition. No treating, examining or reviewing source of record identified the existence of more severe physical limitations than those found by the ALJ. Rice has raised no arguments asserting that the ALJ erred in his findings with regard to her physical condition. Therefore, this portion of the administrative decision is supported by substantial evidence.

With regard to the framing of the mental factors of the hypothetical question, the undersigned finds no error. Dr. Kevin Eggerman, an examining consultant,

diagnosed a psychotic disorder and borderline personality disorder. (Tr. 233). Dr. Eggerman opined that Rice would be "mildly" limited in handling detailed instructions, interacting appropriately with the public, co-workers and supervisors, and responding appropriately to work changes. (Tr. 234). The plaintiff would be "moderately" limited in dealing with work stresses. (Id.). The mental factors of the hypothetical question were essentially consistent with this opinion.

Rice sought treatment for her mental problems at the Cumberland River Comprehensive Care Center. (Tr. 211-223, 281-295, 411-535, 813-962). The plaintiff was hospitalized for mental problems on several occasions at the Baptist Regional Medical Center (Tr. 149-173, 322-410, 536-806) and at Appalachian Regional Hospital (Tr. 174-210, 225-227, 256-280). The treating sources noted extremely low Global Assessment of Functioning ratings on several occasions. (Tr. 157, 165, 211, 223, 259, 263, 281, 295, 301, 430, 465, 532, 937). However, the treating sources did not identify the existence of more severe, specific mental limitations. Therefore, these reports do not provide sufficient evidence to support the plaintiff's claim of total disability.

The record was reviewed by Psychologists Lea Perritt and Jane Brake. Perritt indicated that she would be "moderately" limited in responding appropriately to changes in the work setting. (Tr. 252-253). The ALJ rejected this opinion in favor of more severe mental restrictions but it does not support Rice's claim of suffering

from a totally disabling mental impairment. (Tr. 18). Brake indicated that the plaintiff would be "moderately" limited in a number of areas including handling detailed instructions, maintaining attention and concentration, working in coordination with or proximity to others without being distracted by them, interacting with the general public, getting along with co-workers or peers without distracting them or exhibiting behavioral extremes, and responding appropriately to changes in the work setting. (Tr. 303-304). The hypothetical factors were generally compatible with this opinion.

The only mental health professional to identify more severe specific mental limitations than those found by the ALJ was Psychologist Tammy Hatfield. (Tr. 296-302). Hatfield opined that Rice would be "markedly" restricted in tolerating stress and work pressures and "markedly to extremely" impaired in responding appropriately to supervision, co-workers, and work pressures in a work setting. (Tr. 301). This opinion of a one-time examiner was offset by that of Dr. Eggerman and, so, was not binding on the ALJ.

The court notes that Rice submitted additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 963-1164). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, " . . . but only upon a

08-377  Erica Rice

showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 710 (6th Cir. 1988).  In the present action, the plaintiff has failed to adduce any arguments as to why such a remand is required.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of October, 2009.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**